No. 8751.
Orleans Appeal.

---

## MAY HOSIERY MILLS v. HANDELMAN & DREYFUS.

---

(January 5, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 625.**
Conclusions of the trial court involving only issues of fact as to a breach of contract for sale of merchandise and the quantum of damages allowed thereunder, will not be disturbed by an appellate court unless clearly erroneous.

Appeal from the Civil District Court for the Parish of Orleans, Division "A", Hon. Hugh C. Cage, Judge.

This is a suit for damages arising out of a breach of contract.

There was a judgment for plaintiff and defendant appealed.

Judgment affirmed.

Merrick Schwarz, Morris B. Redmond, attorneys for plaintiff and appellee.

Jos. Rosenberg, attorney for defendant and appellant.

BELL, J.  This is a suit for damages arising from a breach of contract by which the purchaser of certain merchandise is alleged to have rejected the shipment without legal cause.

Defendant's answer is, in effect, a general denial, but further answering, defendant avers that the goods delivered to him were of inferior and defective grade and not up to sample or in accordance with representations of plaintiff's agent.

The suit involves issues of fact exclusively, and after examination of the testimony and documents found in the record, we find no error in the conclusions of the trial judge, to whose reasons for judgment we lend our approval, adopting the same as our grounds for affirmation.  The trial judge has reviewed the case as follows:

"It is perfectly plain to me that the defendant in this case bought 'seconds' which is an inferior grade of goods, and because they are inferior they were bought at a lower price.  The testimony of the defendant's own expert witnesses, especially the second one put on the stand, shows that the defects complained of as justification of the rejection of the goods, are the very defects that render them 'seconds', and render them salable at a lower price.  Witness after witness has testified that lightness in weight will take a piece of hosiery out of 'first class' and throw it into the 'second class'.  Witness after witness testified that off color would take a piece of hosiery out of 'first class' and throw it into 'second class', and one of the witnesses for the defendant, Mr. Dressner, says, that in black, slight off color amounted to very little.

"I am satisfied that the rejection of these goods was not caused by the fact that they were not properly classified as 'seconds' and properly fell into that classification, but that the market fell overwhelmingly, and the defendant found himself loaded up with these goods, which he would be obliged to sell at a loss, and the court takes judicial cognizance of the fact, that when this terrific crash and epidemic of what business men called 'cancelitis' broke out all over the United States, these defendants were infected with it.  It is plain that Handleman & Dreyfous had a pretty bad case of it, and the case is against them.  They insisted on sending the goods back, and it was the duty of the plaintiff to sell them and fix the damages.  The plaintiff sold them at public auction, at full notice to the defendant so that the defendant could state in the defense that there was nothing fraudulent or illegal in the auction sale.  It is the fairest sale I know of, where full notice is given to the defendant, for whose account the goods are to be sold, so that he may protect himself against the goods

bringing too little at the auction by bidding up to what they are worth.

"The testimony seems to me to prove the amount of damages claimed, and there will be judgment for the plaintiff as prayed for."

We have not been favored by briefs from either appellant or appellee.

It is, therefore, ordered that the judgment herein appealed from be and the same is hereby affirmed, at defendants' costs in both courts.